[Crim. No. 129. Second Appellate District.—August 6, 1909.]

## THE PEOPLE, Respondent, v. BIRT WYATT, Appellant.

CRIMINAL LAW—EVIDENCE—ANIMUS OF WITNESS FOR PROSECUTION—IMPROPER QUESTION ON CROSS-EXAMINATION—REFLECTION UPON CHARACTER.—The court upon a criminal trial properly overruled a question asked upon cross-examination of a young girl who was a witness for the prosecution identifying the defendant, for the purpose of showing *animus,* which contained a covert attack reflecting upon her character.

ID.—DUTY OF ATTORNEY FOR DEFENDANT.—The duty of an attorney appearing for a defendant charged with crime does not require that he shall attempt unnecessarily to incorporate in a question asked for another purpose matter prejudicial to the honor or reputation of a party or a witness.

ID.—CRIME OF ARSON—IDENTITY OF DEFENDANT FULLY ESTABLISHED.—Even if the witness whose answering was sought to be improperly attacked had been entirely discredited, it would avail nothing on the question of the identity of the defendant with the crime of arson charged, which was fully established by the testimony of four other witnesses, who identified the defendant more closely with the crime charged than did the one whose character was covertly assailed for the manifest purpose of gratifying some personal feeling of the client.

ID.—RULING OF COURT COMMENDED.—Not only is the ruling of the trial court sustained, but it is also commended to the attention of attorneys for their future guidance.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Frank E. Willis, Judge.

The facts are stated in the opinion of the court.

Chas. Ezra Williams, for Appellant.

U. S. Webb, Attorney General, and George Beebe, Deputy Attorney General, for Respondent.

TAGGART, J.—Defendant was convicted of the crime of arson, and appeals from a judgment of three years' imprisonment pronounced upon a verdict of guilty, and from an order denying his motion for a new trial.

The only error urged as a ground for a reversal is based upon a ruling of the trial court sustaining an objection to a question addressed to a witness for the prosecution on cross-examination. It is contended that the purpose of the question was to disclose *animus* upon the part of the witness toward the defendant. To the extent that it was directed to this end, the question was proper, and if it had been confined to this should, and no doubt would, have been allowed, but, as it contained a covert insinuation of improper conduct upon the part of the witness to whom addressed, it was not a proper question unless the part containing such insinuation were necessary to elicit the information respecting the *animus*. Had this element been omitted from the question, the witness might have admitted her *animus,* or, if the question had been directed to this purpose alone and she had refused to answer, the reasons of the *animus* might have become proper matter of cross-examination. It is apparent, however, that the purpose was to reflect upon the character of the witness (a young girl), and the court was not only justified in sustaining the objection, but might well have instructed the jury to remove from their consideration any suggestion caused by the question.

The duty of an attorney appearing for a person charged with crime does not require that he shall introduce, or attempt to introduce, or unnecessarily incorporate in a question claimed to have been asked for some other purpose, matter prejudicial to the honor or reputation of either a party or a witness. In this case, the facts alleged in the information were established beyond the shadow of a doubt without the evidence of the witness to whom this question was addressed. Her testimony related only to the identification of defendant, and had it been entirely discredited, no conclusion but that of the guilt of defendant could have been drawn from the evidence. Four other witnesses positively identified the defendant in a way that connected him more closely with the crime than did the testimony of the witness in question, and there is not one fact in the evidence in the case inconsistent with the testimony of these witnesses in this respect. (Code Civ. Proc., sec. 282, subd. 6.)

It is apparent that the importance of her testimony did not require that this witness should have been singled out for this attack.  The form of the question indicates that it was intended to gratify some personal feeling of the client, and we cannot refrain from suggesting to attorneys that such a motive is not sufficient to justify them in asking questions of this character.  We think it our duty to not only sustain the ruling of the trial court, but commend it to the attention of attorneys for their future guidance.

Judgment and order affirmed.

Allen, P. J., and Shaw, J., concurred.